BJ DAVIS
Pro Se
1155 S. Power Rd., Ste. 14
Mesa, AZ 85206
Tel: (480) 444-2414
E-mail: ReelMovies@aol.com

# UNITED STATES FEDERAL DISTRICT COURT

## OF ARIZONA

CV 09 - 1771 -PHX - JAT

**BJ DAVIS**

Case No. _____

**PLAINTIFF**

**COMPLAINT UNDER RACKETEER INFLUENCED CORRUPT ORGANIZATIONS (RICO), CIVIL RIGHTS VIOLATIONS** Title 42 USC 1983 **UNDER COLOR OF LAW, HOBBS ACT**

**V.**

**JURY TRIAL DEMANDED**

**ESTATE of SALVATORE "BILL" BONANNO, ROSALIE BONANNO, an individual, MICHAEL R. SAQUELLA, aka PALOMA, an individual, ALVIN HOWARD MATZ, an individual, MICHAEL GARDINER, an individual, NICHOLAS BROWNING, an individual, ANTHONY TARANTOLA, an individual, STEPHEN MONTES, an individual, JONATHAN DIMOCK aka CHUCK BANKS, an individual, et al, John Does 1 thru 50**

_ FILED        ___ LODGED
_ RECEIVED   ___ COPY

AUG 2 5 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**DEFENDANTS**

TO ALL PARTIES AND THEIR RESPECTED ATTORNEYS OF RECORD: PLEASE

TAKE NOTICE that the Plaintiff BJ Davis, an individual, complains of Defendants, and

each of them alleges RICO and DEMANDS TRIAL BY JURY:

## JURISDICTION

The Jurisdiction for these pleadings are proper <u>Powell v. Alabama</u>, 287 US 45, 53 S Ct 55, 84 ALR 527.

It is proper for this District Court to take Jurisdiction of any civil action authorized by law to be commenced by any person. See Title 28 Section 1343 (1)(2)(3)(4) . Jurisdiction is proper under Title 28 Sections 1332, 1335, 1357, 1441 and 1603. The First issue is "Convenience" and second issue is the "interest-of-justice" standard under 28 USCA 1406.

## INTRODUCTION

"Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See <u>Haines v. Kerner</u> 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See <u>Hulsey v. Ownes</u> 63 F3d 354 (5th Cir 1995). also See In Re: <u>HALL v. BELLMON</u> 935 F.2d 1106 (10th Cir. 1991)."

In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in <u>Conley v. Gibson</u>, 355 U.S. 41 at 48 (1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice." Defense against dismissal of complaint under Rule 12-B

There is legal sufficiency to show Plaintiff is entitled to relief under his Complaint. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) also <u>Neitzke v. Williams</u>, 109 S. Ct. 1827, 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on

2

a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint." The ruling of the court in this case held; "Where a plaintiff pleads pro se in a suit for protection of civil rights, the court should endeavor to construe the Plaintiff's pleading without regard to technicalities." In <u>Walter Process Equipment v. Food Machinery</u> 382 U.S. 172 (1965) it was held that in a "motion to dismiss", the material allegations of the complaint are taken as admitted."

Mafia Godfather Salvatore Bill Bonanno, Estate of Salvatore Bill Bonanno, Anthony Tarantola, Michael R. Paloma aka Saquella, Michael Gardiner and others threatened to kill Plaintiff BJ Davis to silence his complaints to the FBI and SEC. Lawrence Kaplan, David Stocker, Justin Medlin and others have been imprisoned. Bonanno died of a heart attack upon service of Davis' lawsuit, ex-felon Anthony Tarantola awaits indictment, while Michael A. Gardiner operates with immunity with co-defendant A. Howard Matz protecting the criminal individuals and organization under the color of law that remain. Michael R. Saquella aka Paloma aka Blake, a convicted felon, waived indictment and pleaded guilty because of Plaintiffs reports to the FBI and SEC. Saquella's sentencing was on March 14, 2008, Case No. Case No 1:07CR305, the Honorable Leonie Brinkema presiding for the Federal Eastern District of Virginia. RICO provisions activates the predicate acts for these actions being filed as timely under RICO provisions, to include but not limited to actions ongoing under the color of law in the furtherance of criminal enterprises, to include but not limited to civil rights violations and activities to date.

Plaintiff filed a RICO action timely in October of 2008 and was requested to dismiss without prejudice and re-files the timely action with intent to amend as discovery mandates.

## <u>NATURE OF THE ACTION</u>

1) The La Costra Nosa Family of Salvatore "Bill" Bonanno, a former Arizona resident before his recent death. The Bonanno crime family is the framing foundation to this instant matter before the court as the cornerstone and first "overt act", predicate of all RICO LAW requirements as prescribed in <u>18 U.S.C. § 1962 (a), (b), (c), (d)</u>(Added Pub. L. 91-452, title IX, § 901, Oct. 15, 1970, 84 Stat. 942, and amended Pub L. 100-690, title VII, § 7033,

Nov. 18, 1988, 102 Stat. 4398) violations where the venue is proper as the events were birthed in Arizona and the primary parties reside in and do business in Arizona (Section § 1965); "CIVIL REMEDIES UNDER SECTION 1964" - "Any person injured in his business or property by reason of a violation of <u>Section 1962</u> of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including reasonable attorney fees......" Pro se litigants may be entitled to Attorney fees and costs under the <u>Civil Rights Attorney's Fee Award Act of 1976</u>, 90 Stat. 2641, as amended 42 USC 1988.   The defendants constitute an illegal enterprise in acts or threat of acts in violation of <u>Civil Rico Federal Racketeering Act</u> USC 18, 1961-1963 et seq. Under the color of law to include a federal judge, officers of the court and other known and unknown a the time of this filing. Numerous convictions have occurred. The following are particular violations:

18 USC 241: Conspiracy against Rights of Citizens:

18 USC 3: Accessory after the fact, knowing that an offense has been committed against the United States, relieves, receives, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment.

18 USC 242: Deprivation of Rights color of law of rights protected under the Constitution of the U.S. 18 USC 512: Tampering with a witness, 18 USC 1341: Mail fraud, 18 USC 1343: Wire fraud, 18 USC 1503: Obstruction of justice, 18 USC 1510: Obstructing of criminal investigation, 18 USC 1513: Retaliating against a witness, victim or informant, 18 USC 1951: Interference with interstate commerce, 18 USC 1621: Perjury, 18 USC 1001: Fraud

3) Civil Rights Violations Under The Color Of law:

Title 42 USC 1983 provides in relevant part that: "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State....subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution. ..shall

be liable to the party injured...."

A Title 42 1985 action which seeks compensatory and punitive damages in conjunction with equitable relief as in this case is considered a legal claim, entititling Plaintiff to a jury trial. See An-Ti v. Michigan Technological Univ., 493 F. Supp. 1137.

Plaintiff alleges a "class based", invidiously discriminatory animus is behind the conspirators' action as the Court records reflect. That the actions were clearly a product of bias and prejudice of the Court. See Griffen v. Breckridge, 403 U.S. 88, 102 (1971)

The U.S. Supreme Court acknowledged in Bray v. Alexandria Women's Health Clinic 113 S.Ct.753 (1993) that the standard announced in Griffen was not restricted to "race" discrimination. It is therefore reasonable to assume that 1985 (3) may be used for "class-based" claims other than race which is alleged in this case.

One defendant, acting as a judge and lawyers for Plaintiffs under the color of law and in the furtherance of criminal enterprises did conspire with the parties, Bonanno and others acting in conspiracy with state actors under color of law have become actors in this case. The U.S. Supreme Court has ruled that "private parties", lawyers in this case, may be held to the same standard of "actors" where the final and decisive act was carried out in conspiracy with a state actor or state official. See Dennis v. Sparks, 449 U.S. 24, 101 S.Ct., 183 also See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598.

Plaintiff's Complaint is based in part on discrimination and political affiliations by lawyers and lawyer-judges, under 42 USCA 1983 & 1985. See reversal case Acevedo-Diaz v Aponte (1993, CA1 Puerto Rico) 1 F3d 62, summary op at (CA1 Puerto Rico) 21 M.L.W. 3212, 14 R.I.L.W. 389.

Section 1985(3) under Title 42 reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct. In this case Plaintiff has alleged a class-based, invidiously discriminatory animus is behind the conspirators' action as the court records reflect. That actionable cause is the treatment of a non-lawyer pro se litigant as a

distinct "class-based subject" of the Court, wherein denial of equal protection of the laws and denial of due process was clearly the product of bias and prejudice of the Court. See Griffen v. Breckenridge, 403 U.S. 88, 102 (1971).

The U.S. Supreme Court acknowledged in Bray v. Alexandria Women's Health Clinic 113 S.Ct. 753 (1993) that the standard announced in Griffen was not restricted to "race" discrimination. It is therefore reasonable to assume that 1985(3) may be used for "class-based" claims other than race as alleged in this case. It is also important to note in Bray the U.S. Supreme Court's interpretation of the requirement under 1985(3) that a private conspiracy be one "for the purpose of depriving... any person or "class" of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, which the Court said mandates "an intent to deprive persons of a right guaranteed against private impairment.

The U.S. Supreme Court in Griffen emphasized 1985(3) legislative history was directed to the prevention of deprivations which shall attack the equality of rights of American citizens; that any violation of the right, the animus and effect of which is to strike down the citizen, to the end that he may not enjoy equality of rights as contrasted with his and other citizens' rights, shall be within the scope of remedies... Id. at 100.

Supreme Court has ruled that "private parties" may be held to the same standard of "state actors" in cases such as the instant cause where the final and decisive act was carried out in conspiracy with a state official. See Dennis v. Sparks, 449 U.S. 24, 101 S. Ct., 183 and Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598

Title 42 USC 1961. Definition. As used in this chapter-(1) "racketeering activity" means:  (A) any act or threat involving ... relating to 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to obstruction of State or local law enforcement), section 1951 (relating to interference with commerce, robbery or extortion), section 1952 (relating to racketeering, ...

6

**iii) Title 42 USC 1962. Prohibited Activities.** (b) It shall be unlawful for any person through a pattern or racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section. ...

2) DEFENDANTS conspired and participated in violations of Plaintiffs First, Fifth, Seventh, Fourteenth, Sec. 1 & Sec. 3 amendment rights under the color of law:

Title 42 U.S.C. § 1983 provides: Every person who, under color or any statute, ordinance, regulation, custom or usage, of any State of Territory, subjects ... any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Applies to anyone acting under color of state law who violates these rights, with no exception for judicial violations; the clear wording of the statute supersedes the self-serving judicial immunity in judge-made case law..] .

3) Racketeering Influenced Corruption Organization as best known to the statute is most easily understood in its intended context: the Mafia. In the context of the Mafa, the defendant person (i.e., the target of the RICO Act) is the deceased Godfather, Salvatore "Bill" Bonanno of the Bonanno crime family. The "racketeering activity" is the criminal activities in which the Mafia engages, e.g., extortion, bribery, money laundering, blackmail, loan sharking, pink sheet penny stock fraud, wire fraud, mail fraud, bank fraud, blackmail, coercion, extortion, slander, defamation of character,  physical

assaults, death threats, etc.  RICO was created for the mob or Mafia family which has engaged in these criminal actions for generations, the criminal actions constitute a pattern of racketeering activity. The government can criminally prosecute the Godfather and soldiers/"strawmen" under RICO and send him to jail even if the Godfather has never personally killed, extorted, bribed or engaged in any criminal behavior. The Godfather can be imprisoned because he operated and managed a criminal enterprise that engaged in such acts.

4)  Moreover, under Section 1964(c) of the RICO Act, the victims of the Mafia family (i.e., the extorted businessman, the employers whose employees were bribed, blackmailed, defrauded, extorted, coerced, assaulted, defamed, the family of the injured victim) can sue the Godfather civilly and recover the economic losses they sustained by reason of the Mafia family's and its confederates conspiring and engaging in patterns of racketeering. In this pleading civilian and federal employee's, organizations, a union have aided and abetted the Bonanno crime family under the color of law directly in the furtherance of the conspiracy and racketeering acts.

5) Plaintiff respectfully makes a demand for civil investigation by the United States Attorney General office per Section 1968 to preserve the custody and control of any and all documentary materials relevant to this racketeering litigation and all materials will be produced for examination. Plaintiff asks the court to authorize the issuance of subpoenas necessary in Pro Se to obtain the items and to file electronically for economy of the court and to avoid undue and unnecessary hardships for Plaintiff in Pro Se. Plaintiff asks the court to waive and enforce the 100 mile limit in this filing as defendants will attempt to frustrate and avoid such compliance if not ordered by this court (Added Pub. L. 91-452, title IX § 901(a), Oct. 15, 1970, 84 Stat. 944).

6) Plaintiff asks the court to order defendants compliance with F.R.P.

26, 26 (a) and 11 now as a Pro Se litigant litigating the number of defendants. As prescribed by F.R.P. 26(a) "without waiting awaiting a discovery request, provide to" the plaintiff (1) "the name and..the address and telephone number of each individual likely to have discoverable information relevant to disputed facts" and (2) "a copy of...all documents, data compilations, and tangible things in possession, custody, or control 0f the party that are relevant to the disputed facts...". As mandated in F.R.P. 26 (a)(1) as indicted that savings in time and expense can be achieved..."

To include but not limited to filing electronically and to issue subpoenas in the discovery process.

7) From a legal objective Plaintiff's case is directly linked to the Mafia scenario described above, meeting every predicate of succeeding under the RICO "overt" Act at the time of trial by jury with seven convictions in place involving fifteen companies, Plaintiffs Beverly Hills Film Studios designated as one of the fifteen companies with 24,000 victims and $20 million plus dollars taken. This instant matter is based on the Bonanno family and a multi-complexed series of "strawmen" operating as agents and representatives of the prohibited racketeering organizations to include but not limited to defendants as "persons" with federal employees aiding and abetting prohibited racketeering enterprises and individuals under the color of law. Thereby shielding said parties from investigation and prosecution to include but not limited to denying plaintiff due process, constitutional violations while intentionally obstructing justice, extortion under the color of law as RICO predicates, "overt acts" and as prescribed by RICO violations 18 U.S. C. §§ 1961-1968 (1988) & U.S.C.A. §§ 1961-1968 (1984 & Supp. 1990).

8) The litigation has been stymied and obstructed by a clear and concise unlikely participant enlisted from the court in the Central Federal District of California for vested political and unconstitutional acts in the furtherance of RICO activities as a means to deny Plaintiff his constitutional

rights under the color of law.

9) Defendant A. Howard Matz took the unprecedented extremes to repeatedly deny Film and Television Producer BJ Davis due process of law and his constitutional rights with emphasis on the First, Fifth, Seventh, Fourteenth amendments, Sec. 1 and Sec 2 , "ultra –vires". "No man in this country in this country is so high that he is above the law. No officer of the law may set that law at defiance with immunity. All officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it. " United States v. Lee, 106 U.S. {196,} 220 [ (1882)]." 438 U.S., at 506.

(48A Corpus Juris Secundum §86) A minority of decisions have held that if an inferior judge acts maliciously or corruptly he may incur liability. Kalb v. Luce, 291 N.W. 841, 234, WISC 509 and See Pullman v. Allen, 466 U.S. 522 (1983)

Court:          (A)    U.S. District Court, Central District of California

                       Case No. CR - 05 - 757-**AHM** (AJWx) (Case dismissed by governments own Ex Parte motion before legal counsel Michael Proctor files Motion To Dismiss based on gross government misconduct) Case docketed closed August 8, 2006. Proctor files under seal and in camera affidavit of Salvatore "Bill" Bonanno attacking the Davis family and business - Davis FBI Informant.

               (B)    U.S. District Court, Central District of California

                       Only July 6, 2006, before the criminal case docket closed, cases overlap – A. Howard Matz takes civil case involving Mafia Don Salvatore "Bill" Bonanno, Michael R. Saquella, Michael Gardiner, Anthony Tarantola, Jonathan Dimock, Stephen Montes and others - Case No. CV -06-3800 **AHM** (AJWx) (Case under appeal – Constitutional rights

violations under the color of law. Plaintiff had no standing to file in any court or actions as default foreign CA corporation since 2004 and no copyright as picture was copyrighted in 2004 and released publicly October 16, 2005 as the original BJ Davis picture. This court allowed a forged and illegal LOC re-registration to members of the Bonanno organized crime group in April 2007).

(C)   U.S. District Court, Central District of California

CV-00014 **AHM** (AJWx) (Case Closed – Constitutional Violations – Obstructing justice under color of law) Obstruction of justice under the color of law involving the copyright, Bonanno group .

(D)   U.S. District Court, Central District of California

Case No. CV - 07 - 2282 **AHM** (JTLx) (Case Closed)
Matz took jurisdiction from Judge Florence Marie-Cooper after Cooper made a ruling – Obstructing of justice under the color of law. Constitutional Violations. Defendants had no standing to defend a court action as a corp. not in good standing. Reprieve given to Mafia Godfather Salvatore "Bill" Bonanno when in default as represented by Michael A. Gardiner.

(E)   9th Circuit Court – Judicial Committee

October 24, 2007, Formal Ninth Circuit Judicial Committee Complaint of A. Howard Matz  filed with investigative number assigned  Complaint 07-89141.

(i) Amendment, (ii) amendment, (iii) amendment, (iv) amendment

(F)   U.S. District Court of California

Judge Klausner on December 10, 2007 unethically, unlawfully, unconstitutionally labeled BJ Davis vexatious ***"ONLY"*** for attempting to disqualify A. Howard Matz who had taken jurisdiction over five cases involving Davis and violating his First and his Fourteenth amendment rights. The act designed to silence the First amendment rights of BJ Davis when Judge Klausner should have recused himself due to the Judicial Complaint that was ongoing . CANON 3 - Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness;

POINTS AND AUTHORITIES

a) To disqualify, the prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case. Such is the case in the instant matter, as the judge's prejudice against Defendant BJ Davis stems from an extrajudicial source and is not based

12

on facts learned from participation in the referenced case. Federal law requires the automatic disqualification of a Federal judge under certain circumstances. In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." <u>Liteky v. U.S.</u>, 114 S.Ct. 1147, 1162 (1994).

To meet the unspecified criteria for "repeated" motions or litigations, the number must be much more than two, and the rule based on caselaw seems to be around 12. "While there is no bright line rule as to what constitutes "repeatedly," most cases affirming the vexatious litigant designation involve situations where litigants have filed dozens of motions either during the pendency of an action or relating to the same judgment." (*Bravo v. Ismaj*, (2002) 99 Cal.App.4th 211, 120 Cal.Rptr.2d 879)

(7) 9th CAA 06-56581 (Dormant **AHM** equal protection under the law)

(8) Notice of Appeal served – Fourteenth Amendment due process violations. **AHM**

(**9**) Notice of Appeal **AHM**

10) Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

11) Davis and his wife, a vetted former federal Customs and Border

13

1
2
3
4
5

Protection Officer Julia Davis were selectively and maliciously prosecuted and falsely indicted for Julia Davis' protected disclosures and whistleblowing regarding national security breaches on July 4, 2004, when twenty-three (23) subjects came through the San Yisdro Port of Entry and unlawfully processed.

6
7
8
9
10
11
12
13
14

12 ) Concurrently, CBP Officer Davis prevailed in an EEOC case for sexual harassment confirmed by Department of Homeland Security, Office of Inspector General AIG Elizabeth Redman.  The EEOC Judge Daniel Leach concurred that the agency had acted illegally towards Davis. Julia Davis report to the FBI/JTTF spawned then Commissioner for the CBP Robert Bonner, a colleague of A. Howard Matz to engage any and all government entities to compromise Julia Davis since her whistleblowing was a significant embarrassment for the CBP when LA Times reporters made inquiries regarding subjects from countries with terrorist affiliations entering the US contrary to representations being made that the US borders were fifty percent safer.

15
16
17
18
19
20

13) Former federal Judge Robert Bonner became Customs and Border Protection Commissioner Bonner whose associate is federal Judge A. Howard Matz , both of whom are old friends and colleagues serving as former Assistant US Attorneys in the same division, Matz Assistant U.S. Attorney, Central District of California, 1974-1978 and Bonner Assistant U.S. Attorney, Central District of California, 1971-1975.

21
22
23

It was easy enough to target Julia Davis for her protected disclosures and whistleblowing for retaliation and acts of reprisal under the color of law. This prior relationship with overt political and financial conflicts demanded Matz to recuse himself. After all, who could or would challenge them?

24
25
26
27

14) Office Professional Responsibilities/Immigration and Customs Enforcement  employees Herbert Kaufer and Jeffrey Deal received their marching orders acting under the color of law endorsed by Bonner and insured by Matz. Jeffrey Deal contrived and falsified evidence presented to a

28

Grand Jury with Asst. US Attorney Stephen Cazares in Case No. CR - 05 - 757-AHM on August 9, 2005.

15) A Blackhawk helicopter was utilized to storm the residential home of Julia Davis on August 10, 2005 at taxpayer's expense, captured on video while Katrina victims were drowning when there were not enough helicopters to evacuate the people in the same time frame.

16) A Blackhawk helicopter and OnStar was utilized to track the former CBP officer, FBI Special Agent applicant in Phase II hiring. The Davis' were indicted but before the ink was dry, the government moved to dismiss before Los Angeles Super Attorney Michael Protector of Caldwell, Leslie & Proctor filed a Motion To Dismiss based on gross government misconduct. Judge Matz went to work before the criminal case was closed on August 8, 2006, to take jurisdiction in a civil matter overlapping on July 6, 2006 involving Julia's husband, film producer BJ Davis, Case No. CV 06-3800 AHM who was battling the late Mafia Godfather Salvatore "Bill" Bonanno crime family that he had reported to the FBI and SEC. Mr. Proctor filed an in-camera and under seal document to Matz identifying Davis as an FBI informant for the FBI in the investigation of Salvatore 'Bill' Bonanno.

A) To disqualify, the prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case. Such is the case in the instant matter, as the judge's prejudice against Defendant BJ Davis stems from an extrajudicial source and is not based on facts learned from participation in the referenced case. Federal law requires the automatic disqualification of a Federal judge under certain circumstances. In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

**B) Canon 4 - C. <u>Disqualification</u>.**

(i) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(ii the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

iii) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness;

17) The Bonanno crime family is the framing  foundation to this instant matter as Matz protected the Bonanno group and facilitated as the cornerstone and first "overt act", predicate of all RICO LAW requirements as prescribed in <u>18 U.S.C. § 1962 (a), (b), (c), (d)</u>(Added Pub. L. 91-452, title IX, § 901, Oct. 15, 1970, 84 Stat. 942, and amended Pub L. 100-690, title VII, § 7033, Nov. 18, 1988, 102 Stat. 4398) violations where the venue is proper as the events were birthed in Arizona and the primary parties reside in and do business in Arizona (Section § 1965); "CIVIL REMEDIES UNDER SECTION 1964" - "Any person injured in his business or property by reason of a violation of <u>Section 1962</u> of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including reasonable attorney fees......" Pro se litigants may be entitled to Attorney fees and costs under the <u>Civil Rights Attorney's Fee Award Act of 1976</u>, 90 Stat. 2641, as amended 42 USC 1988.      The defendants constitute an illegal enterprise in acts or threat of acts in violation of <u>Civil Rico Federal Racketeering Act </u>USC 18, 1961-1963 et seq. Under the color of law to include a federal judge, officers of the court and other known and unknown a the time of this filing. The following are particular violations:

a) 18 USC 241: Conspiracy against Rights of Citizens:

b) 18 USC 3: Accessory after the fact, knowing that an offense has been committed against the United States, relieves, receives, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment.

C) 18 USC 242: Deprivation of Rights color of law of rights protected under the Constitution of the U.S. 18 USC 512: Tampering with a witness, 18 USC 1341: Mail fraud, 18 USC 1343: Wire fraud, 18 USC 1503: Obstruction of justice, 18 USC 1510: Obstructing of criminal investigation, 18 USC 1513: Retaliating against a witness, victim or informant, 18 USC 1951: Interference with interstate commerce, 18 USC 1621: Perjury, 18 USC 1001: Fraud

d) Civil Rights Violations Under The Color Of law:

18) Title 42 USC 1983 provides in relevant part that: "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State....subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution. ..shall be liable to the party injured...."

19) A Title 42 1985 action which seeks compensatory and punitive damages in conjunction with equitable relief as in this case is considered a legal claim, entitling Plaintiff to a jury trial. See An-Ti v. Michigan Technological Univ., 493 F. Supp. 1137.

20 ) Matz denied all filings and motions in Case No. 06-3800 AHM to deny Davis his economic advantage and their fourteenth amendment rights to due process of law from any possibility of realizing income from box office receipts generated by the movie. Matz stated it is Davis' opinion that there is Mafia involvement contrary to evidence received int eh dismissed and

fraudulent criminal charges to include but not limited to directives Matz took form his associate, CBP Commissioner Robert Bonner.

21) Los Angeles attorneys Peter Pzabadi, Thomas A. Nitti, Chance Gordon and finally Davis in Pro Se were advised the court had not and would not read or hear any of Davis' filings since he (Davis) had no credibility per Matz. Significantly and irrationally, Matz stated that it was only Davis' opinion that the Mafia was involved despite the document reviewed by Matz submitted by defense counsel Michael Proctor in the now dismissed criminal case that specifically addressed Davis working for the FBI in a case against the Salvatore "Bill" Bonanno group where Davis was made a "CI" – Confidential Informant.

22) Davis and film partners attempted another filing and Matz raced to take jurisdiction in Case No. CV - 07 - 2282 AHM (JTLx) - another civil case. The case was before Judge Marie Cooper and had made a ruling that Matz commandeered to impose his will on the proceedings where Judge Matz allowed the dead Don Salvatore Bonanno to avoid being found in default and denied the Davis', Hoboken Pictures, Hoboken New Jersey Police Chief Anthony Falco, Eva Choina, The Rock Entertainment , Screenwriter Julia Davis, Producer John D. Schofield, Producer of "Ali", "Jerry McGuire", "As Good As It Gets" , Burt Reynolds, Charles Durning, Robert Loggia and Raquel Welch their right to trial by jury as they dismissed without prejudice due to Matz taking the case from Judge Cooper under the color of law to deny the Plaintiffs due process and right to trial by jury. Michael A. Gardiner is an attorney of record in the defense of Salvatore Bill Bonanno.

23) Matz placed a First amendment right violation gag order on BJ Davis to prohibit him from discussing the Blackhawk helicopter raid with two years of warrantless surveillance acknowledged in the document that occurred on August 10, 2005. The document revealed the agents complained

18

the Davis' took pictures of them while following the Davis at taxpayer's expense orchestrated by Cazares, Bonner, Adele Fasano, Matz, Kaufer and Deal.

24) In the concurrent civil case Matz placed a second gag order in violation of his constitutional rights on Davis so he could not discuss the Mafia taking his film company and film library. Matz working at taxpayer's expense under the color of law labeled the producer Davis vexatious for trying to disqualify the very judge at issue, A Howard Matz. This would implement a third First Amendment right, gag order and deny due process of law as guaranteed by the Fourteenth amendment right to Davis.

25) A. Howard Matz with an obvious vested financial and political interest under the color law to deny Davis his fourteenth amendment right due process is breaking his oath and thereby United States law. The vexatious label only pertains to Davis attempting to further disqualify Matz and Mafia attorney Michael A. Gardiner for their violations "only" and does not address any other rights for Davis to file lawsuits, even against Matz and Gardiner. It is a veiled obstruction of justice to deny individuals their First, Fifth, Seventh and Fourteenth, Sec. 1 and Sec. 3, amendments as vexatious under the "color of law".

26) In addition, Matz has several federal judicial complaints filed against him with the Judicial Committee in the Ninth Circuit, Case no. L07-8914 filed on October 24, 2007 and repeatedly amended by the Hollywood producer/director BJ Davis who is also making a documentary on the legal system about the obstruction of justice and abuse of a federal office under the color of law. Matz solicited the assistance of another Judge R. Gary Klausner to cite Davis as vexatious in attempts to disqualify Matz on December 10, 2007, knowing that Davis had formal judicial complaints filed and assigned the case number.

27) Matz has taken perjured and material misrepresentations as facts on August 17, 2009, illegally and unconstitutionally to hold one of several hearings without Davis, to find Davis in contempt of court.

28) Historically, Matz has repeated this scenario by finding Davis in contempt and then vacating his own order before the Ninth Circuit Court of Appeals vacates the unlawful, biased and unconstitutional actions.

29) Under the color of law Matz gave the Bonanno elements the copyright that was forged and stolen to organized crime members unconstitutionally and after the release date of October 14, 2005. Matz's actions allowed the Bonanno group to transport the materials across state lines, re-shoot, re-edit and unlawfully modify an intellectual property, award winning film in 2007 contrary to federal law. Matz stated it was okay for mafia organizer Kimberley Dawn Lebel aka Mappin aka Miller, DOB 08/11/61 to lie under oath and use the name Kimberly Kates which is an alias in legal documents designed under the color of law to deny Davis due process of law.

30) Davis' request for judicial notice of a Mafia related conviction of Mafia Cash Cow Michael R. Saquella aka Paloma aka Blake was denied by the court. The Eastern Federal District Court of Virginia sentenced Saquella to ten (10) years in federal prison for pillaging Davis company of Beverly Hills Film Studios, Inc., with 24,000 victims and over $20 million dollars defrauded as reflected in the Department of Justice Press Release dated March 14, 2008.

Saquella, the individual played the part of Nitti and his voice was replaced by "Soprano" television series cast member Al Sapienza in the locked and original copyrighted picture that became an award winning , festival film prior to the commercial release at the American Film Market in 2005.

31) The motion picture was copyrighted in 2004 and released on
October 14, 2005,
after being selected at the Phoenix Film Festival, New Jersey Film Festival,
Beverly Hills Film Festival, Houston-World Film, Los Angeles Film
Festival,   Jackson Hole Film Festival, West Palm Beach Film festival and
the Moondance Festival.  It was selected by the New Jersey Film Festival
2006 as "Best Picture" and removed from the other festivals due to litigation
while publicly released at the American Film Market 2005 in Santa Monica,
CA for buyers as BJ Davis' film, "Forget About It".

32) In violation of the copyright law, Copyright owners may not sue
for infringement unless they have first registered the copyright (see 17
U.S.C. §§ 411, 412 and after-the-fact, Matz under the color of law actually
gave the copyright title to Bonanno strawmen members and Paloma aka
Saquella's attorney Michael A. Gardiner. With full knowledge and intent A.
Howard Matz violated the law and his oath of office.

33 ) In violation; willful infringement is also a federal criminal
offense, a **misdemeanor** punishable by a fine of up to $10,000 and up to a
year in prison (see 17 U.S.C.A. § 506[a]). However, the law requires that the
prosecution demonstrate that the infringement was willful and that it was for
the purpose of "commercial advantage or private financial gain." Mass
**piracy** of sound or motion picture recordings without permission of the
copyright owner is a separate criminal offense, punishable by a fine of up to
$250,000 and five years in prison under the Piracy and **Counterfeiting**
Amendments Act of 1982 (see 18 U.S.C. § 2318).

34) Bonanno members then put the convicted felons voice back in the
movie, shot unscripted scenes and added scenes while re-editing the film and
proceeded to sell it with a clouded chain of title all under the color of law.
The family film was the winning picture at the New Jersey Film Festival
2006 as created solely by BJ Davis. The film was pirated purely for criminal
financial gain to use the film as a marquee to attract unsuspecting investors

into their pink sheet penny stock scams as reported by Davis to the FBI and SEC.

35) Defendant Jonathan Dimock created the alias as Chuck Banks to bash the picture to damage its income earnings ability since Davis had refused to re-voice the lead character with Saquella's voice per Bonanno's threats to Davis on audio tape during surveillance. The film was illegally taken across state lines for unscripted additional scenes and dialogue changing the material structure of the picture to do it irreparable harm for critics, buyers and Plaintiff.

36) The suspects then fraudulently shopped the unauthorized edit to buyers and distributors where the court had denied BJ Davis' rights under the color of law and in violation of the Davis' seventh and fourteenth amendment rights. Matz gave legitimacy to the Bonanno claim under the color of law while breaking the law. Changes made after the release and selections by film festivals contrary to copyright laws. Matz acting for Bonner first and foremost, then obstructed the US Attorney General's office from investigating Davis' formal complaints.

37) The Davis' served on then, Assistant US Attorney General for the Central Federal District of California Debra Wong Yang notice with formal criminal complaints against the Bonanno crime group in 2004 via certified US Mail. In addition, a formal complaint was made to the Federal Bureau of Investigation via certified US Mail regarding the pillaging of Davis company, Beverly Hills Film Studios, Inc. with no action taken. Judge A. Howard Matz acting for Bonner insulated and protected the organized crime elements.

38) A second notice of criminal complaints with the same federal offices regarding the intentional, selective and malicious acts of Herbert Kaufer and Jeffrey Deal to retaliate and falsify charges against Julia Davis and BJ Davis while intentionally violating their constitutional rights under the color of law were lodged.  The same actions were filed with the FBI in multiple jurisdictions concurrently with no action taken or efforts to protect the Davis' from physical harm or threats of violence that are documented on audio tape with the late Mafia Godfather Salvatore "Bill" Bonanno, complete with surveillance pictures extorting BJ Davis and telling Davis to put

Saquella's aka Paloma's voice back in the movie after its public exhibition and release, screenings, demanding millions and percentages.

39) The film winning the New Jersey Film Festival 2006 and related Film Festival showcases was previewed at Raleigh Studios, Hollywood, CA in 2005, with attorney Michael Proctor of Caldwell, Leslie & Proctor seeing the legal copyrighted feature film in question and will be called as a witness with his law firm who represented the Davis' in the dismissed and contrived criminal case as reflected herein. The film was exhibited and screened to worldwide buyers at the 2005 American Film Market.

40) No actions were taken aside from Los Angeles based FBI employee Arnie Medrano via telephonic answering machine messages asked BJ Davis to come in to the Los Angeles office of the FBI to discuss his investigating Herbert Kaufer and Jeffrey Deal for their criminal acts perpetrated against former federal officer Julia Davis and BJ Davis. Davis met with Medrano and became the target in the inquiry instead of allegedly discussing the acts of Kaufer and Deal under the color of law. Davis made formal complaints to the DOJ/OIG asking for investigations of Arnie Medrano and others who have obstructed justice in this matter to include but not limited to creating aliases for Bonanno members legitimizing identities in the furtherance of criminal activities for Kimberley Dawn Lebel aka Kates and unknown others.

41) As a result of these reports as reported herein, both Julia Davis and BJ Davis were subjected to two failed and contrived selective and malicious prosecutions while Judge Matz continues to obstruct justice under the color of law from the federal bench that includes but not limited to RICO actions, Hobbs Act violations and in the forgery and theft of a copyrighted intellectual property already released to the general public and film festivals. Matz has assisted the defrauding of the public buyers, distributors by being party to RICO violations and Hobbs Act violations.

42) 18USC2383 - Rebellion or Insurrection whoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both; and shall be incapable of holding any office under the United States.

43) Seditious Conspiracy- The insurgents did not act alone in their civil disobedience to the laws. Together, the conspirators attempted, by force on occasion, to prevent, hinder, and delay, the faithful execution of the laws of the United States. In an uprising against the rule of law, the crimes presented for judicial action were concealed by all the conspirators acting in unison, in favor of protecting malfeasant government officers from prosecution. It is the combined misconduct of the conspirators that has so entirely defeated the course of justice and due process of law in this case. When exposure of these offenses became imminent, the insurgents resorted to force in order to thwart the enforcement, administration, and execution of the laws upon themselves and their co-conspirators.

44) Their misdeeds are prohibited by the United States Code: 18USC2384 - Seditious Conspiracy if two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, they shall each be fined under this title or imprisoned not more than twenty years, or both.

45) These criminal charges are filed directly with you as person in authority pursuant the statute on Misprision of Felony (18USC4), pursuant your official duties, and the Federal Rules of Criminal Procedure, Rules 4 & 41. These charges are filed in terms of my duties as a citizen to report known felonies, and in terms of *your* obligations as person in authority under the United States, to deal with reported felonies. It has become necessary for this method of filing criminal charges because of the insurrection against the laws and the total defeat of the *normal course* of justice by the seditious conspiracy.

46) Pursuant the statute 18USC1514, an immediate restraining order is sought to protect the Complainant against further harm from the stalkers, would be murderers, and other malevolent insurrectionists.

Removal from Office Pursuant Section 3 of the United States Constitution, and the statute 18USC2383, the insurrectionists may not hold public office,

and they must be immediately removed from their positions of power from whence they can continue with impunity, their Insurrection and Seditious Conspiracy against the laws of the United States.

47) A. Howard Matz continues to obstruct justice at the taxpayer's expense is well known for his civil rights violations and violation of the Canonized Code of Ethics as an author who writes materials for judges and prosecutors on how to avoid being disqualified. Since 1792 thirteen federal judges have been removed from the bench and Judge A. Howard Matz is candidate as number fourteen as prescribed by law.

48) When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below).

49) The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect.

50) Subsequently, Ms. Yang retired from the US Attorney General's office and joined Mr. Bonner's law firm of Gibson, Dunn & Crutcher. Mr. Bonner as the former Commissioner for Customs and Border Protection paved the way for employment with the law firm that specializes in government contracts and defense of government litigation and intellectual properties at Gibson, Dunn & Crutcher.

51) Mr. Bonner has exhausted his political and legal contacts to deny the Davis' due process with the perfect mechanism, A. Howard Matz, his colleague, former US Judges, former US Attorneys and allies violating the constitutional rights of others under the color of law, the highest act of treason for any federal judge or an oppressed US citizen.

52) Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of

treason.  Having taken at least two, if not three, oaths of office to support
the Constitution of the United States, and the Constitution of the State of
Illinois, any judge who has acted in violation of the Constitution is engaged
in an act or acts of treason (see below).   If a judge does not fully comply
with the Constitution, then his orders are void, In re Sawyer, 124 U.S. 200
(1888), he/she is without jurisdiction, and he/she has engaged in an act or
acts of treason.

53) A. Howard Matz continues under the color of law to violate the
constitutional rights of BJ Davis as related in Case No. CV-06-3800 giving
free reign to elements of organized crime.

## STATEMENT OF FACTS

54) The Enterprise(s), the Bonanno crime family  are created by the
late, ex-convict Salvatore "Bill" Bonanno, Estate of Bonanno, Mafia Capo,
self-professed made-man, mobster Michael Ralph Saquella aka Paloma, aka
Blake, sentenced to ten (10) years in federal prison in the Eastern Federal
District Court of Virginia, Case No 1:07CR305, the Honorable Leonie
Brinkema presiding. This was a direct result of Plaintiff's protected
disclosures and information provided as an Confidential Informant for the
FBI. Saquella, a Bonanno member and Bonanno's nephew, made-man,
convicted felon  "Capo"Anthony Tarantola, who is awaiting indictment for
the same series of crimes. Those parties to the RICO events and protected
under the color of law as part of retaliatory acts perpetrated against Plaintiff
and his family members are the defendants as listed herein, to include but not
limited to "strawmen" Kimberley Dawn Lebel aka Kates and others known
and unknown acting as agents and/or "strawmen" . Bonanno created
enterprises with "an ongoing 'structure' of persons associated through time,
joined in purpose and organized in a manner to hierarchial or consensual
decision making" ) United States v. Neapolitan, 791 F.2d 489, 500 (7th Cir.
1986). The central element is structure, the enterprise is more than a group of
people who get together to commit a 'pattern of racketeering activity'.

55) Plaintiff would ask the court permission due to the death threats and physical attacks for media coverage allowed in the court to dissuade any further mafia attacks and to contain the unbridled arrogance of agents under the color of law from further violating the constitutional rights of plaintiff and due process of law. Plaintiff asks the court to intervene and to keep these issues public throughout the proceedings as per Form 5, 3) discouraging wasteful pretrial activities <u>Seattle Times Co. V. Rhinehart.</u>

56) Godfather Salvatore "Bill" Bonanno would have been indicted with other members of the Mafia family in New York and New Jersey as the Bonanno family still heads the five families. Specifically the Estate of Salvatore "Bill " Bonanno and his widow Rosalie Boanno, the niece of Colombo organized crime family, Mafia Don, Joe Profaci. Relatedness and continuity establish the predicate "overt acts" acts; 1) the acts amounted to continued criminal activity, the acts extended for years; or 2) the predicate acts, though not continuous, pose a threat of continued activity as the history reflects.  Plaintiff was coerced and extorted and companies taken as the sole creator, sole officer, President and majority stock holder. Defendants engaged in a variety of conspiracies <u>Schiffels v. Kemper Financial Services, Inc., 978 F.2d</u> at <u>346,</u> conspiracy; has standing to sue at <u>349.</u> Judge Flaum noted in <u>United States v. Neopolitan, 791 F.2d 489, 497 (7th Cir. 1986),</u> "a conspiracy to violate RICO should not require anything beyond that required for a conspiracy to violate any other federal law".

57) Saquella, pled guilty to multiple federal charges on March 14, 2008, in the Eastern Federal District Court of Virginia based on the formal complaints by Plaintiff BJ Davis, his wife is a former federal Customs and Border Protection Officer Julia Davis to the FBI and SEC about the illegal activities of the Defendants. Saquella and his co-conspirators ("persons") Lawrence Kaplan, and Justin Medlin pleaded guilty and were convicted for conspiracy and fraud involving fifteen (15) companies, including Plaintiff's company Beverly Hills Film Studios. The statue of limitations begins at the date of the conviction on March 14, 2008, and the defendant shall estop from denying the essential allegations of the criminal offense in any subsequent civil proceedings <u>Section §1964</u> Remedies, under Sedima, violations of

subsection (c) of § 1962 RICO, to include (b) of § 1962 and 1961(3) further illuminates Saquella's guilty pleas of multiple RICO predicates. (Exhibit '1'- DOJ Press Release Saquella conviction, Exhibit '2' Saquella Waiver of Indictment).

58) Assistant US Attorney Patrick Stokes for the Eastern Federal District Court of Virginia communicated in writing that the DOJ is aware of Saquella's association with the Bonanno organized crime family. It was communicated the DOJ did not have the resources to fully and thoroughly investigate and prosecute all of the parties involved in this criminal endeavor (Exhibit '3' - Stokes e-mail RE: Saquella/Bonanno association).

59) Plaintiff BJ Davis, an accredited film and television Hollywood producer/director, member of the Directors Guild of America and Producers Guild of America with his companies Beverly Hills Film Studios, Inc., Forget About It, Inc. and Dirty Love, Inc. were extorted by the Bonanno crime family and fell victim to the prohibited racketeering schemes of the perpetrators known herein as defendants in a total of fifteen companies and other related RICO violations. Plaintiff would not be part of a penny stock racketeering scheme with the Bonanno group and that set the wheels into motion to get rid of the accredited film- maker and his four partners John D. Schofield, producer of Academy Award winning films "ALI", "Jerry McGuire" and "As Good As It Gets" and producer, Hoboken, New Jersey Chief of Police  Anthony Falco, businesswoman, and Entrepreneur Eva Choina, Executive Producer Beau Davis and screenwriter and producer Julia Davis to tally a total of 24,000 victims, nearly $20 million dollars defrauded as reflected in the DOJ PR (Exhibit '3').

60) Third party beneficiaries, victims with point participants in economic gross and net receipts to the company and film productions, to include but not limited to Academy Award nominees Burt Reynolds, Raquel Welch, Robert Loggia, Charles Durning, Richard Grieco, Phyllis Diller, John D. Schofield, Eva Choina, Anthony Falco, Julia Davis, Beau Davis, Carmen LaBruno, Cary Glieberman, Jenny Blackwood, Manual Flores and Plaintiff BJ Davis.    The third part beneficiaries relied on plaintiff as the sole creator,

President, sole officer and majority stockholder of Beverly Hills Film Studios, Inc. and, Forget About It, Inc. to protect their potential income earnings to include but not limited to stock holders.

61) Beverly Hills Film Studios, Inc., a BJ Davis company is one of fifteen companies, has nearly three thousand investors from BHFS, FAI, DLP, from a grand total of 24,000 victims with losses of over $20 million as a direct result of the RICO "Enterprises" and "Persons" as part of the Bonanno organized crime family engaging in prohibited racketeering as signified in a DOJ Press release dated. Continuity plus relationship is highlighted as explained in *Sedima*, pattern of racketeering activity exists and fact-specific in Jones v. Lapme, 845 F.2d 755, 757 (7th Cir. 1988). The factors 1) the number and variety of the predicate "overt acts" and the years in which they were committed by recidivist Saquella (1997) as a Bonanno agent, 2) 24,000 victims from 15 companies in this one cluster of violations, 3) each company required its own unique and formulated scheme to deceive the public, 4) $20 million dollars defrauded from the 24,000 victims and the amount of theft and damages to plaintiff in totality will be determined at the time of trial by jury in the dollar amount.

62) Per Saquella aka Paloma's directive acting for Bonanno, the Defendants conspired to execute multiple forgeries of Nevada Corporate registrations, financial, business and supportive documents pertaining to Beverly Hills Film Studios, Forget About It, Inc., Dirty Love Productions, Inc. were set into motion by "strawmen", Kimberley Dawn Lebel aka Kates and Michael Manasseri, to include but not limited to known and unknown others. An elaborate check kiting and forgery scheme was created, with the transferral of the companies, bank records. Defendants conspired to commit bank fraud, wire fraud, mail fraud, theft of mail, aided and abetted by rogue federal employees Herbert Kaufer, James Wong and Jeffrey Deal while orchestrated to discredit Plaintiff and to stop other city, county, state and federal agencies from investigating and prosecuting the complaints of Plaintiff.

64) Plaintiff sought relieve in CA Superior State Court lawsuit, Case

no. BG323455 that was filed on October 26, 2004, the first in a series of lawsuits by Plaintiff against the parties. The Plaintiff was coerced and defrauded into signing a settlement agreement drafted by co-defendant Michael Gardiner, former mafia attorney of Michael R. Saquella to settle the case quietly. Defendants lied and defrauded plaintiff to deceive him into signing a settlement leaving the company to the co-defendants to carry n their stock manipulations. In return, co-defendants, Lebel aka Kates and others would make full disclosures as to their conversations, activities and documents exchanged rogue federal employees from the Bonner camp to retaliate against the Davis', to include but not limited to Wong, Deal and others known and unknown. Plaintiff tenders F.R.P. 9(b), Moore v. PaineWebber, Inc. 189 F.3d 165 (2d Cir. 1999) to fully emphasis the deceit, lies and over acts utilized to strong-arm his company, his family and himself. Lebel on behalf of the Bonanno group committed perjury during sworn affidavits and depositions representing full compliance to the settlement pre-requisites of full disclosure (Exhibit '' - Kates deposition, Exhibit '' - Kates Affidavit).

65) Contrary to the perjured misrepresentations to deceive and defraud plaintiff recent discovery in other actions reveals that Lebela aka Kates conspired with co-defendants and did exactly the opposite as opposed to sworn under the penalty of perjury and continued to conspired with and facilitate prohibited racketeering fully endorsed and protected under the color of law while aiding and abetting the extortion of plaintiff and his companies as reflected in the court actions Matz contolled for the Boanno group.

66)   It was only a means to delay this inevitable RICO action. Every settlement drafted was derived from to defraud and deceive plaintiff out of his economic advantage. Coerced and extorted in violation of Hobbs Act, Section 1964 (c) authorizes a private suit by "[a]ny person injured in his business or property by reason of a violation of 1962." Section 1962 in turn makes it unlawful for "any person"-not just mobsters -to use money derived from a pattern of racketeering activity to invest in an enterprise, to acquire control of an enterprise through a pattern of racketeering activity, or to

conduct an enterprise through a pattern of racketeering activity. §§ 1962(a)-(c). *If the defendant engages in a pattern of racketeering activity in a manner forbidden by these provisions, and the racketeering injure the plaintiff in his business or property, the plaintiff has a claim under §§1964 (c). Id.* at 3285 (emphasis added) .

67) The settlement agreements drafted by the Bonanno group were derived by coercion, extortion, fraud and deceit and only recent discovered in the Central Federal District Court of California, Davis v. USA Case No. ED-5:07-CV-00481-SGL-OP was the fraud and deceit under RICO and extortion under the color of law were made known. As a result of the RICO violations all agreements and/or actions taken, agreed to or ruled on by any court can be vacated and the business concerns returned to the injured party, i.e., the plaintiff to include the copyright of "Forget About It". The company Big Screen Entertainment Group, Inc. Created fraudulently no longer exists.

68) Plaintiff also secured AZ Restraining orders on January 17, 2006, against Salvatore "Bill" Bonanno, Michael Paloma aka Saquella, Anthony Tarantola, Kimberley Dawn Lebel aka Kates, Michael Manasseri and Stephen Eckleberry in CA Superior Court ( Exhibits '' - Bonanno Restraining Order, Exhibit '' - Saquella Restraining Order, Exhibit '' - Tarantola Restraining Order, Exhibit '' - Kates aka Lebel Restraining Order, Exhibit '' - Manasseri Restraining Order, Exhibit ' ' - Eckelberry CA Restraining Order ).

69) The Defendants conspired to attack plaintiff under the color of law where Kaufer and Deal's efforts and directives from CBP Commissioner Robert Bonner and Judge A. Howard Matz will be to personallyprotect them and they in turn, will protect the agents and representatives of the various enterprises, Bonanno crime family. Specifically, Kaufer, Deal and Wong with Kimberley Dawn Lebel aka Kates, Michael Gardiner, Michael Saquella aka Paloma, Anthony Tarantola, Jonathan Dimock and Nicholas Browning. Kaufer and Deal discussed engaging other law enforcement agencies to

selectively and maliciously prosecute plaintiff and his family members while revealing plaintiffs complaints to the FBI and SEC to co-defendants of the organized prohibited racketeering entities and individuals as detailed in David Casselman's court filings. The matter is not before this court and separate in actions, it illuminates the magnitude and outrageous misconduct and government sources, tax dollars and manpower to achieve these acts under the color of law.

70) The Mafia as the force behind these RICO violations 18 U.S.C. § 1962 (a), (b), (d) comes full circle of the four (4) predicates in addition to the constitutional violations under the color of law directly participated in by Judge A. Howard Matz in betrayal of his oath to deny Plaintiff BJ Davis his First, Fifth, Seventh, Eight, Fourteenth, Sec. 1 and Sec. 3 amendment constitutional rights.

71 ) **DEFENDANT PERSONS** - "Person" within the meaning of 18 U.S.C. §§ 1961 (3) and 1964(c). As a result, the Estate of Bonanno, acting on behalf of the late Don Salvatore "Bill" Bonanno crime family as officers, agents and employees (including but not limited to the entities, enterprises named in the complaint) constitute an association-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961 (4) and 1962 (c) (the "Mafia Bonanno Family Enterprise(s)). In the alternative within the meaning of 18 U.S.C. §§ 19621 (4) and 1962 (c). Herein known as the Estate of the late SALVATORE "BILL" BONANNO. Plaintiff herein alleges deceased defendant mob boss Salvatore "Bill" Bonanno of the Bonanno Mafia crime family which is a RICO enterprise that perpetuates criminal patterns of long term crimes for criminal financial gain, in criminal penny stock fraud, pump and dump scams, forgery, check kiting, bank fraud, wire fraud, mail fraud, theft, extortion, coercion, blackmail, slander, defamation of character, assault, death threats, copyright violations to include but not limited to the participation and knowledge of Defendants ESTATE OF SALVATORE "BILL" BONANNO, ROSALIE BONANNO, MICHAEL R. SAQUELLA aka PALOMA aka BLAKE, ALVIN HOWARD MATZ, STEPHEN

MONTES, ANTHONY TARANTOLA, MICHAEL AARON GARDINER, NICHOLAS BROWNING, JONATHAN DIMOCK aka CHUCK BANKS, et. al. and John Does 1 through 50. _Hobbs Act and See National Organization For Women v. Scheilder, 510 U.S. 249, 259 n.5 (1994), 18 U.S.C. § 1962 (c), 18 U.S.C. §§ 2, 1341 and 1343._, aided by the court under color of law.

72) Plaintiff alleges the Defendants named herein, associated with their enterprises have intentionally and habitually by reason of the defendants participation and management of the enterprise and pattern of racketeering, the Plaintiff is entitled to treple damages, attorney fees and costs under _Section 1964 (c)._ (commonly referred to as RICO's civil liability provision). _Section 1962 (a) and (b)_ Plaintiff has sustained more than injury flowing from the racketeering activity.

73) Judge A. Howard Matz presiding over these matters to aid and abet the Bonanno crime family are constitutional violations as acts of retaliation per his relationship with former Customs and Border Protection Commissioner Robert Bonner, both of them served together as Assistant U.S Attorneys overlapping with Matz from 1974-1978 and Bonner through 1971 to 1975. Bonner assigned Matz to insure the violations and injustices for Plaintiffs wife, Julia Davis' protected whistleblowing disclosures that has resulted in two selective and malicious prosecutions being dismissed with Matz's implication in those matters where he is a percipient witness and linked to the criminal acts of the Bonanno crime group under the color of law.

Title 28 § 455. Disqualification of justice, judge, or magistrate judge

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Federal law and the Canonized Code of Ethics mandated his presiding in the maters and must be vacated where a court renders rulings while lacking jurisdiction, either of the subject matter or the parties with other agendas under the color of law.
* Wahl v. Round Valley Bank 38 Ariz , 411, 300 P. 955(1931),
* Tube City Mining & Millng Co. v. Otterson, 16 Ariz. 305, 146p 203(1914); and * Millken v. Meyer, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940).

Title 28 - § 144. Bias or prejudice of Judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Subject matter jurisdiction can never be presumed, waived, or constructed, even by mutual consent of the parties, and it has two parts:

34

(A) the statutory or common law authority for the court to hear the case, and (2) the appearance and testimony of a competent fact witness - in other words, sufficiency of pleadings.

When we examine a judgment, the following indices tell us whether a court had subject matter jurisdiction. Successful litigants will know each and every one of them by heart. Subject matter jurisdiction usually fails because of one of these reasons:

(A) No petition in the record of the case, Brown v. VanKeuren, 340 Ill. 118,122 (1930).

(B) Defective petition filed, Same case as above.

(C) Fraud committed in the procurement of jurisdiction, Fredman Brothers Furniture v. Dept. of Revenue, 109 Ill. 2d 202, 486 N.E. 2d 893(1985)

(D) Fraud upon the court, In re Village of Willowbrook, 37 Ill, App. 3d 393(1962)

(E) Judge does not follow statutory procedure, Armstrong v. Obucino, 300 Ill 140, 143 (1921)

(F) Unlawful activity of a judge, Code of Judicial Conduct.

(G) Violation of due process, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019(193 ; Pure Oil Co. v. City of Northlake , 10 Ill.2d 241, 245, 140 N.E. 2d 289 (1956); Hallberg v Goldblatt Bros., 363 Ill 25 (1936), ( If the court exceeded it's statutory authority. Rosenstiel v. Rosenstiel, 278 F. Supp. 794 (S.D.N.Y. 1967)

(H) One or more actions violated 11 U.S.C. 362(a), in re Garcia, 109 B.R. 335 (N.D> Illinois, 1989).

74) <u>Section 1962 (a)</u> Plaintiff contends and will prove at the time of trial injuries by defendants investment of the proceeds of racketeering activities under the color of law. Under <u>Section 1962 (b),</u> Plaintiff was injured by Defendants coercion, defendant's acquisition ("strong-arming" <u>- Hobbs Act)</u> or maintenance of an interest in or control over an enterprise through a pattern of racketeering activity in the pink sheet penny stock fraud schemes. Further illuminated by the convictions of seven  (7) individuals operating in RICO predicates by Bonanno Lieutenant, Co-Defendant Saquella, pleading guilty on March 14, 2008 in the Eastern Federal District Court of Virginia who waived his rights and indictment.

75) A clinical review of these multiple flagship penny stock scam companies, prefaced foundationally with the multiple convictions with only a partial conviction of the co-defendants, Plaintiff has demonstrated and established meeting the RICO application even certain legal interpretations of the RICO Act.

76) Plaintiff respectfully reaffirms having met Section 1962 (c) standards; **1)** Plaintiff will prove at time of trial the "Defendants/Persons" affiliated, **2)** were employed by or associated with the enterprises, **3)** that they engaged in or affected interstate commerce, **4)** the Defendants/Persons" operated or managed the enterprise(s), **5)** through a " recitative, long term pattern", **6)** racketeering in penny stock fraud since 1997**)** the Plaintiff was injured in his business and properties by reason of the "long term and intentional racketeering pattern for financial criminal gain.

77) These actions were endorsed and allowed under the color of law in violation of the constitutional rights of Plaintiff BJ Davis. They spawn from a personal and professional relationship between Judge A. Howard Matz and his personal political alley and colleague, former Customs and Border Protection Commissioner Robert Bonner. Bonner who advised his CBP agency to get Julia Davis, a vetted former Customs and Border Protection officer, Phase III FBI Special Agent Candidate in retaliation for her protected disclosures as a Whistleblower for revealing national security breaches at the San Ysidro Port of Entry, CA on July 4, 2004 and for her reporting the sexual exploitation of probationary, female Customs and Border Protection officers being sexually harassed and abused in 2002 – 2003 at the nation's largest port of entry.

78) Julia Davis obtained a CA Superior Court, Case No. restraining order against thirty year veteran Customs and Border Protection Senior Supervisor Kevin Crusilla, a known sexual predator when the agency failed to protect her. In 2003 OPR/ICE employee Jeffrey Deal and Herbert Kaufer filed Julia Davis' sexual harassment of sexual battery, stalking and inappropriate conduct in the workplace complaint as "no action necessary". DHS/OIG Elizabeth Redman confirms the sexual harassment after a thorough investigation by DHS/SA Richard Jackson. Western Field Director of the CBP Adela Fasano actually hid the report until the EEOC hearing where Ms. Fasano also committed perjury and confirmed Bonner's orders to get Julia Davis. INS Legacy Port Director William "Bruce" Ward and Oscar Preciado allows the sexual predator to retire with full benefits and a disability at a agency sponsored gala event at the San Ysidro, CA Port of Entry while Crusilla was "AWOL" to avoid being questioned by Agent Jackson ( Exhibit "J" – Julia Davis CA Superior Restraining order against Kevin Crusilla, Exhibit "K" – DHS/OIG AIG Elizabeth Redman Finding of Sexual Harassment Against Julia Davis).

79) Julia Davis prevailed in EEOC proceedings, Case No. where the Judge ruled the agency acted illegally towards her and that no reasonable person could continue in that workplace environment and awarded her $225,000 dollars. The agency participated in two failed, selective and malicious prosecutions to avoid paying Davis wile Deal and Kaufer write in their diaries about having the vetted federal officer denaturalized and deported so she cannot get her job back.

80) On the 4th of July, 2004 a "***SIGNIFICANT DATE TO WATCH***" Intelligence reports record Al Queada's intent to enter the US from Mexico on national holidays, as stated in ***"RED FLAG – HIGH ALERT"*** muster briefing reports. The agency's own witnesses confirm that CBP Officers should be concerned with unusually high numbers of entries from terrorist countries, especially in light of the terror alerts regarding national holidays. Julia's sends copies of her report to the FBI, to then DHS Director Tom Ridge, Asa Hutchinson and CBP Agency Commissioner, Robert Bonner when the agency fails to act upon the revelations at a time of the nation's highest alert ( associate of Judge A. Howard Matz). This was a national security breach where the twenty-three (23) suspects came through within less

than a ten (10) hour period. Monthly, statistically no more than thirty (30) on average come through. Julia Davis was fraudulently investigated by Kaufer and Deal continually through 2003, 2004, 2005 and 2006 to facilitate two (2) selective and malicious prosecutions that were dismissed by the government's own initiative – one finding of factual innocence, the case ordered to be sealed and destroyed with an order to return all the proceeds taken from the two warrantless searches. The agency, Big Screen Entertainment, Michael Gardiner, Kimberley Lebel aka Kates, Herbert  Kaufer, Jeffrey Deal and others, known and unknown are still in contempt of that court order (Exhibit "L" – Knox testifies -  Julia Davis Has every right to be worried). §_2.

> 77) **Title 18 U.S.C. § 2**.§_2. Principals. (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal. Note: The legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States. Case law decisions: _Rothenburg v. United States_, 1918, 38 S.Ct. 18, 245 U.S. 480, 62 L.Ed. 414, and _United States v. Giles_, 1937, 57 S.Ct. 340, 300 U.S. 41, 81 L.Ed. 493.

81) An LA Times reporter asked Commissioner Bonner about the Julia Davis case, to which he had no answer. Bonner then ordered the destruction of Julia Davis handled by William Ward, Oscar Preciado, Adela Fasano, Herbert Kaufer, Jeffrey Deal and Susan Boutwell in association with this court in contrived, fraudulent, malicious and selective prosecutions under the color of law. One of fifty-three (53) failed and feeble attempts authored by Ward, Preciado, Susan Boutwell, Jeffrey Deal, Herbert Kaufer and others. The agency

and attorneys paid by taxpayer's dollars keeps referring to Julia Davis as having taken an unpaid FMLA leave. In response to these contrived, illegal and unconstitutional "fruits of a poisonous tree" with no merit -

i) Don Anderson, a hopeful CBP Fact Finder from Portland, Oregan was brought in under administrative regulations and was directed to contrive the case against Julia Davis. Defense counsels for the government state Anderson confirmed wrong doing on Julia Davis' part. This is a material misrepresentation under the color of law and perjured misrepresentation by an officer of the court. Defense counsel never read Mr. Anderson's deposition under the penalty of perjury in the victorious Julia Davis EEOc and administrative proceedings. Mr. Anderson stated on the record, under the penalty of perjury, Julia Davis "DID NOT" violate any provision of the unpaid FMLA act (Exhibit "M"  - Don Anderson deposition – Julia Davis no violations). (Emphasis added). Phoenix City Councilman Tom Simplot validated the same verses the material misrepresentations Anderson made under the color of law.

ii) Mr. Anderson obtained a fraudulent statement from Phoenix City Councilman Tom Simplot stating Julia Davis worked on the film as an actress when in reality it was film star JoAnna Pacula.  Contrary to the truth Anderson made these fraudulent material misrepresentations in an effort to deny Julia Davis her constitutional rights under the color or law. Councilman Simplot immediately retracted the statement when he found out the lie Anderson represented. Anderson worked with Herbert Kaufer and his wife CBP LER Lauren Kaufer to falsify the actions with disgraced and transferred CBP District Director Adela Fasano and

former Commissioner Bonner Exhibit "N" – Simplot retraction).

iii) BJ Davis saw Mr. Bonner at the McCain Presidential candidate fund raiser with Gary Sinese, Jon Voight, Lorenzo Lama and others in 2008 at the Beverly Hilton Hotel, in Beverly Hills, CA where they exchanged words in front of witnesses with photographs. Mr. Bonner advised Davis it was not over yet since this court (Matz) was his "buddy" when Davis advised Mr. Bonner he would be deposed and possibly named in litigation.

82) There is documented, eye witness accounts of Customs and Border Protection Officer Susan Boutwell under the directives of INS Legacy Director William Ward setting Julia Davis up to process sick individuals where she contracted Tuberculosis, a bio terrorist attack intentionally perpetrated upon a federal officer in writing and more than four federal law enforcement officers as witness in written agency documents. Documented in the report, "*hold this individual 6 hrs for the Ukrainian girl to process – the subject advised he was sick*" and witnessed by Port Director Kirkman, CBP Officer Merry Graham and Officer Karen      . Boutwell in her EEOC deposition stated under the penalty of perjury, she never ordered anyone to be held to be processed, Boutwell Deposition August ,  2005, Page , Line . This constitutes perjury, willful intent, conspiracy to perpetrate a bio-hazard, terrorist assault on a federal officer. Julia Davis was engaged in the performance of her official duties, 18 U.S.C.A. Sec. 111(b) (West Supp.1995), 18 U.S.C. Sec. 2 (1988) when Boutwell held a known contagious individuals for Davis to process without her knowledge, OSHA protection violations, violations of procedural DHS/CBP agency regulations to handle sick or contagious subjects  (Exhibit " O" – Boutell Depo – never said to hold sick individuals, Exhibit "P" – CBP/Kirkman report, Exhibit "Q" – Merry Graham witness report) .

80) Julia Davis made a complaint to the DHS/OIG and that complaint was referred back to "Kaufer and Deal" to investigate. That felony complaint of Susan Boutwell turns

40

into an investigation of Julia Davis under the color of law and at taxpayer's expenses. Criminals with a badge and a gun. Terrifying on government payroll! Of course Herbert Kaufer does not want his personal step by step accounts of how to get Julia Davis to be made known, much less to the public. Kaufer and Deal don't want to go to jail with Lebel and the Bonanno group that this court has aided and abetted.

81) Susan Boutwell under directives from Kaufer and Deal stated she found the a Beverly Hills Studio Website that never existed and spoke with film and television star Brittany Murphy about the film and BJ Davis. Ms. Murphy who will be called as a witness has already provided a sworn affidavit from their attorney refuting that lie by Boutwell whom she really does not know at all (Exhibit "R" Denton Hanna Testimony).

82) Susan Boutwell threw Julia Davis' bag to the floor in the workplace to provoke an incident. There is video footage, audio footage to include Ms. Boutwell in writing stating she never touched the bag, Boutwell on tape with Jeffrey Deal states she never touched the bag under penalty of perjury. On tape – Jeffrey Deal goes on and off the record and "allows " Boutwell to change her story, obstructing justice to suit Jeffrey Deal's intentions and agenda to obstruct justice under the color of law and turned that complaint of Julia Davis into an investigation of Davis.

83) The court with A. Howard Matz presiding had no jurisdiction in this matter. This court presided over a U.S. District Court, Central District of California Case No. CR - 05 - 757-AHM (CASE DISMISSED BEFORE MOTION BASED ON GROSS GOVERNMENT MISCONDUCT FILED) The court was aware that BJ Davis was a Confidential Informant "CI" for the FBI against the Salvatore Bill Bonanno Mafia crime family as presented to the court by Michael Protector of Caldwell, Leslie & Petit under seal and in camera. Before the criminal docket was closed this court took jurisdiction unethically in a civil case to deny due process and impact the economic advantage of BJ Davis and Julia Davis. This court knew Kaufer and Deal gave up the identity of BJ Davis as a "CI" to the Bonanno crime family in violation of the Federal Identities Protection Act 1980, this

41

court had knowledge of criminal acts and refused to act in violation of federal and Canonized Judicial duties.

84)The dockets actually overlapped. Matz imposed a "Gag Order" to keep BJ Davis from revealing publicly two years of warrantless surveillance, wire tapes, "sneak and peaks" burglaries under the guise of national security issues where a Blackhawk helicopter and 27 SWAT members on August 10, 2005, were ineptly used to storm the Davis residence and assault Julia Davis' elderly parents, her father Mykola Kot died from the residual unlawful detainment and being denied medical attention while suffering a heartache under the color of law. To the chagrin of these heroes, it is all caught on interior and exterior video footage where the helicopter almost crashed three times in a residential area. Katrina victims were drowning when helicopters were in short supply, but one assigned exclusively to former federal officer Julia Davis and accredited film producer/director BJ Davis.  The report read that subjects (BJ and Julia Davis) are surveillance savvy and photographed the agents following them at astronomical amounts of taxpayer's dollars.  §_1505§_1505ii) Title 18 U.S.C. § 1505. Whoever corruptly ... influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due the proper administration of the law under which any pending proceeding is being had before any department or agency of the United States ... shall be fined not more than $5,000 or imprisoned not more than five years, or both.§_1510 **Title 18 U.S.C. § 1510§_1510** Title 18 U.S.C. § 1510. Obstruction of criminal investigation.
iii) Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of §_1512information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined not more than $5,000, or imprisoned not more than five years, or both.**§_1512**

Title 18 U.S.C. § 1512. Tampering with a witness, victim, or an Informant (b) Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward

42

another person, with intent to–(1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to– (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (3) <u>hinder, delay, or prevent the communication to a law enforcement officer or judge</u> of the United States of information relating to the commission or possible commission of a Federal offense ... shall be fined under this title or imprisoned not more than ten years, or both. (c) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from– (1) attending or testifying in an official proceeding;

(2) reporting to a law enforcement officer or judge of commission or possible commission of a Federal offense ... (3) arresting or seeking the arrest of another person in connection with a Federal offense; or (4) causing a criminal prosecution, or a parole or probation revocation preceding, to be sought or instituted, or assisting in such prosecution or proceeding; or attempts to do so, shall be fined under this title or imprisoned not more than one year, or both. (e) For the purposes of this section–(1) an official proceeding need not be pending or about to be instituted at the time of the offense; and (2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

iv) Federal crime reporting statute, Title 18 U.S.C. Section 4, to report federal crimes "to a federal judge." In this manner they were guilty of criminal acts under several criminal statutes. This court is more than aware of the violations and its participation.

v) Title 18 U.S.C. § 1513. Retaliating against a witness, victim, or an Informant. (a) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or (2) any information relating to the commission or possible commission of a Federal offense

43

..."

vii) Stunning exterior and interior video tape of the use of a
Blackhawk helicopter utilized at taxpayer's expense to execute a
warrantless search, that almost crashed three times attempting to
land in a residential area, judicial rulings, depositions, sworn
affidavits validate the same.

viii) Matthew Judd, twenty-five years old, home alone and his
death not satisfactorily answered as Mr. Judd on audio tape
during the filming of the Blackhawk attack expressed his
concern that he was seen by the perpetrators.  There are two
deaths to be explained by Herbert Kaufer and Jeffrey Deal. Had
Plaintiffs been at home on August 10, 2005, Julia Davis and BJ
Davis would have been shot as Julia Davis was labeled a
domestic terrorist, both armed and dangerous, the former
Stuntman Hall of Fame member was fraudulently said to be a
convicted murderer when nothing reflected that as any accredited
investigator would have known. Nothing stopped the heroic 27
man team, black suited, machine gun wielding thugs who could
not batter down a door that was open but did manage to assault
two elderly and law abiding individuals and Julia's father died as
a residual factor of being unlawfully detained, denied medical
attention and a support ambulance sent away.

85) U.S. District Court, Central District of California Case No. CV -
06-3800 AHM (ONGOING – Constitutional Amendment Violations –
Plaintiff had no standing to file in any court or actions as a default foreign CA
corporation since 2004 with a Mandatory Only Arbitration Clause – the court
negated without cause). This court under the color of law continues to aid and
abet RICO violations. Matz imposed a second "Gag Order", First Amendment
violation to prohibit BJ Davis' rights under the color of law from discussion
the extortion of his movie and company by the Salvatore Bill Bonanno group.
Michael R. Sauqella aka Paloma aka Blake was sent to federal prison because
of Davis' reports to the FBI and SEC. This court has assisted in stopping the
investigations of Lebel aka Kates and Michael Gardiner , known perpetrators
in organized crime, specifically the company BSEG created by forgery, fraud
under the color of law  . .   When judges act when they do not have
jurisdiction to act, or they enforce a void order (an order issued by a judge

44

without jurisdiction), they become trespassers of the law, and are engaged in treason (see below).

   i) The Court in <u>Yates v. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962)</u> held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect.

   ii) **Title 42 USC § 1961. Definition**. As used in this chapter-(1) "racketeering activity" means:  (A) any act or threat involving ... relating to 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to obstruction of State or local law enforcement), section 1951 (relating to interference with commerce, robbery or extortion), section 1952 (relating to racketeering, ...

   iii) **Title 42 USC § 1962. Prohibited Activities.** (b) It shall be unlawful for any person through a pattern or racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section. ...

iv) The film was released on October 16, 2005, Davis copyrighted version and accepted 2005 submissions at the Phoenix Film Festival, Beverly Hills Film Festival, Houston's

45

Wordlfest Film Festival, West palm Beach Film Festival, Moondance Film Festival, Jackson Hole, WY Film Festival, San Diego Film Festival, Los Angeles Film Festival and won the New Jersey Film Festival. Davis re-voiced Paloma aka Saquella with Soprano actor Al Sapienza.

v) Saquella with Bonanno are on audit tape threatening Davis and family extorting for money and the film while demanding Davis put Paloma's voice back in the film. The Davis' obtained a restraining order against the mobsters and Salvatore "Bill" Bonanno was served another lawsuit and died the next day on January 1, 2008. Assistant US Attorney Patrick Stokes wrote the Davis personally acknowledging the Saquella-Bonanno connection contradicting what Matz stated from the bench to justify violating Davis constitutional rights at the behest of Matz' associate Bonner in retaliation of Julia Davis whistleblowing disclosures.

vi) Nonetheless, with any legal jurisdiction David Zappone in April of 2007 for the Bonanno group illegally re-registered the film with the Library of Congress and put Saquella's voice back in per Bonanno's directives. Big Screen Entertainment Group, a Bonanno front sold the movie with the copyrighted violations legitimized under the color of law by Matz's actions to deny Davis due process and his economic entitlements.

vii) Robert Bonner and Davis met at the McCain Fund Raiser at the Beverly Hilton Hotel, Beverly Hills, CA in 2008. In that witnessed crossing paths, Bonner assured Davis that his friend Matz was still at work for him.

86) U.S. District Court, Central District of California Case No. CV - 07 - 2282 AHM (JTLx) (Case Closed) Matz took from Judge Florence Marie-

46

Cooper – Obstructing justice – Constitutional Violations. Defendants had no standing to defend a court action as a corp. not in good standing. Matz ruled co-defendant Salvatore "Bill" Bonanno with Big Screen Entertainment Group, Inc. was not in default for not responding to the litigation. Matz literally took this case from another assigned Judge. Plaintiff's were forced to dismiss without prejudice on the deadline date before 4 PM due to Matz denying their seventh and fourteenth amendment rights to trial by jury. On the deadline date and after the closing of the Clerk of Court's office for filing Mr. Stephen Montes, Clerk for Judge A. Howard Matz was kind enough to leave a telephone answering machine recordings after business hours (time noted for trial) to state that we, the Plaintiffs had been granted our right to trial by jury after-the-fact by Matz that will be introduced in the proper venue of litigation (***Emphasis added***) (Exhibit "S" – Matz order saving Bonanno).

> i) <u>18 USC 241</u>: Conspiracy against Rights of Citizens: <u>18 USC 3</u>: Accessory after the fact, knowing that an offense has been committed against the United States, relieves, receives, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment. <u>18 USC 242</u>: Deprivation of Rights color of law of rights protected under the Constitution of the U.S. § 4

> ii) **Title 18 U.S.C. § 4**§_4Title 18 U.S.C. § 4 (misprision of felony). Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

87)  Ninth Circuit Court Judicial Complaint 07-89141 (No action taken – October 24, 2007 filed – Matz had no jurisdiction to make any rulings for a defunct corp. and not in good standing in CA) ) The unethical and unconstitutional irregularities continue in this game playing and unbridled arrogance to defy constitutional and federal law.  On October 24, 2007 a

Formal Judicial Complaint was filed against Judge A. Howard Matz and investigative case number L07-89141 assigned.  Numerous amendments have since been filed. Judge Matz solicited Judge A. Gary Klausner, knowing he was under investigation to cite a warning soley to silence BJ Davis from seeking due process under the Fourteenth amendment. 42 U.S.C. S 1983. .... Pro se litigants are subject to the same sanctions as licensed attorneys. However, the alleged fraudulent number of times BJ Davis attempted to disqualify this corrupt judge, it was denied. The court included the number of times attorneys who dared, attempted to disqualify this obviously corrupt entity denying constitutional rights under the color of law to tally an amount o label unconstitutional BJ Davis a "Vexatious Litigant" to silence his Frist Amendment Right and to prevent his Fourteenth Amendment Rights of due process  (Exhibit "T" - Matz Judicial Complaint).

88)  Notice current of Appeal Ninth Circuit Court pertaining to Title 42 – Denial of Due Process as prescribed by the United States Constitution.

89) Contempt of Court against BJ to be presided over by A. Howard Matz. Formal Ninth Circuit Amendment and Senate Judiciary Complaint on an untimely and unconstitutional hearing on August 17, 2009; no jurisdiction Wahl v. Round Valley Bank 38 Ariz , 411, 300 P. 955(1931),  Tube City Mining & Millng Co. v. Otterson, 16 Ariz. 305, 146p 203(1914); and Millken v. Meyer, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940).

90) BJ Davis has always been the sole owner and creator of Beverly Hills Film Studios, Inc. and never an employee as fraudulently written in "In chambers – Pre-Hearing  Order" designed to find BJ Davis in contempt for a legal order that is defective and changed illegally after-the-fact, (Attorney Chance Gordon's Ex Parte action to address the unlawful changes "No Sua Sponte" was denied by this court and by BJ Davis in Pro Se in violation of the 14th Amendment under the color of law when

the company and Gardiner had no standing in court to defend and/or litigate matters) for a company that does not legally exist and created by a fraud whose indentity is still unknown to this court but on record with the proper authorities who can longer protect Lebel's forgery, fraud, perjury, theft and check kiting. Michael Gardiner was involved in the illegal changing addresses and theft of US Mail as documented in Kaufer and Deal's detailed list of retaliatory and illegal acts under the color of law as related to this court as well.

91) The federal laws covering judges and other public officials are to be found at 5 U.S.C. 3331, 28 U.S.C. 543, and 5 U.S.C. 1983. States typically have similar laws. A judge trespasses upon the court unless he complies with all of the provisions of relevant law. Once a proven trespasser upon the court (upon the law) not one of his judgments, pronouncements or orders have validity. All constitute nullities and have void status. All actions to be vacated -

92)  Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

**93) CANON 1**

 U.S. District Court, Central District of California Case No. CR - 05 - 757-AHM (CASE DISMISSED BEFORE MOTION BASED ON GROSS GOVERNMENT MISCONDUCT FILED). Matz was involved in pre-indictment activities with evidence forthcoming to support the same.

**A JUDGE SHOULD UPHOLD THE INTEGRITY**
**AND INDEPENDENCE OF THE JUDICIARY**

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining,

and enforcing high standards of conduct, and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

## 94) CANON 2

U.S. District Court, Central District of California Case No. CV -06-3800 AHM (CASE ACTIVE – Constitutional Amendment Violations – Plaintiff had no standing to file in any court or actions as default foreign CA corporation since 2004) Matz took jurisdiction in this case BEFORE the docket was closed on CR - 05 - 757-AHM (CASE DISMISSED BEFORE MOTION BASED ON GROSS GOVERNMENT MISCONDUCT FILED.

### A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES

**Canon 2A.** Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly. The prohibition against behaving with impropriety or the appearance of impropriety applies to both the professional and personal conduct of a judge. Because it is not practicable to list all prohibited acts, the proscription is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules or other specific provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.

## 95) CANON 3

Matz continues to deny Petitioner due process, trial by jury and a hearing in court. All motions are denied, all hearings are denied. Matz has continuity only in ruling for the Salvatore Bill Bonanno plaintiffs who have NO LEGAL STANDING PER STATE AND FEDERAL LAW. Matz withholds a ruling to

vacate all actions based that would expose the false identities, perjury and material misrepresentations made to the court.

96 ) To disqualify, the prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case. Such is the case in the instant matter, as the judge's prejudice against Defendant BJ Davis stems from an extrajudicial source and is not based on facts learned from participation in the referenced case to deny due process under the color of law. Federal law requires the automatic disqualification of a Federal judge under certain circumstances. In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).


**97) A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE IMPARTIALLY AND DILIGENTLY**

(4) A judge should accord to every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte communications on the merits, or procedures affecting the merits, of a pending or impending proceeding. A judge may, however, obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond. A judge may, with consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

(5) A judge should dispose promptly of the business of the court.

(6) A judge should avoid public comment on the merits of a pending or impending action, requiring similar restraint by court personnel subject to the judge's direction and control. This proscription does not extend to public statements made in the course of the judge's official duties, to the explanation of court procedures, or to a scholarly presentation made for purposes of legal education.

C. <u>Disqualification</u>.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    (b) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness;

## 98) CANON 4

U.S. District Court, Central District of California Case No. CV - 07 - 2282 AHM (JTLx) (Case Closed) Matz took from Judge Florence Marie-Cooper – Obstructing justice – Constitutional Violations. Defendants had no standing to defend a court action as a corp not in good standing.  Matz gave Salvatore "Bill" Bonanno and other s a reprieve when they were in "Default" (<u>*Emphasis added*</u>).

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned." <u>Taylor v. O'Grady</u>, 888 F.2d 1189 (7th Cir. 1989). Defendant BJ Davis' due process rights and multiple constitutional rights have been violated by the apparent prejudice stemming from the same Judge presiding over his criminal and civil cases, which should not have been assigned to the same Judge as they were completely unrelated.

In <u>Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972),</u> the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." Defendant would continue to be harmed by the pre-conceived notions about him and the subject matter formed

52

by Judge Matz due to the fact that he previously presided over the now-dismissed criminal case involving BJ Davis and on the record stated he would not read BJ Davis' filings and found Davis had no credibility while Davis never testified before the court.

### A JUDGE MAY ENGAGE IN EXTRA-JUDICIAL ACTIVITIES TO IMPROVE THE LAW, THE LEGAL SYSTEM, AND THE ADMINISTRATION OF JUSTICE

> Within the boundaries of applicable law, see, e.g., 18 U.S.C. § 953, a judge may express opposition to the persecution of lawyers and judges anywhere in the world if the judge has ascertained, after reasonable inquiry, that the persecution is occasioned by conflict between the professional responsibilities of the persecuted judge or lawyer and the policies or practices of the relevant government.

### 99) CANON 5

Matz repeatedly utilized Clerk Stephen Montes to falsify the dockets which Plaintiff has the "dual dockets" in his possession and will provide them to investigative authorities.

### A JUDGE SHOULD REGULATE EXTRA-JUDICIAL ACTIVITIES TO MINIMIZE THE RISK OF CONFLICT WITH JUDICIAL DUTIES

> H. Chambers, Resources, and Staff. A judge should not use judicial chambers, resources, or staff to engage in activities permitted by this Canon, except for uses that are de minimis.

> A)   Clerk Stephen Montes has exceeded his position to deny BJ Davis his constitutional rights under the color of law.

### 100) CANON 7

In the election year or 2005 on national television Matz made a political statement as Judge A. Howard "Howie" Matz that political candidate on a paid political advertisement "had no credibility" as commentary from the federal bench.

Matz has written a book on how to avoid being disqualified for judges and prosecutors with other publications for law enforcement to cover-up their illegal acts. Matz once taught Political Science and continues to re-write federal law and federal procedure until now.

### A JUDGE SHOULD REFRAIN FROM POLITICAL ACTIVITY

A. A judge should not:

Judge Matz in 2005 used his office to attack California State political candidates – stating the candidate had no credibility on a national televised commercial that is available for evidence.

 **(2) make speeches for a political organization or candidate or publicly endorse or oppose a candidate for public office;**

Judge Matz is obviously assisting his political allies Robert Bonner and the DHS in the Davis matters to deny them due process of law.

15. BJ Davis does not own the Nevada corporation Big Screen Entertainment Group, Inc. and that ownership is not a matter before this court or part of CV-06-3800 per California and Nevada state laws.

> i) Plaintiffs have not sought to disband Beverly Hills Film Studios that has never been a part of this litigation and not before this court as copyrighted materials.

> ii) Big Screen Entertainment does not have standing in the lawsuit as it is a new company with no legal claims to the action per California and Nevada state laws.

> iii) Mr. Gardiner has not standing in this court or jurisdiction per California and Nevada state laws. A

scheme to interfere with judicial machinery performing task of impartial adjudication, as by preventing opposing party from fairly representing his case or defense. Finding of fraud on the court is justified only by most egregious misconduct directed to the court itself such as bribery of a judge or jury to fabricate  of evidence by counsel and must be supported by clear, unequivocal and convincing evidence. In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, C.A.Minn, 538 F.2d 180, 195. It consists of conduct so egregious that it undermines the integrity of the judicial process. Stone v. Stone, Alsaka, 647 P.2d 582, 586.

iv) Michael A. Gardiner or Nicholas Browning , attorneys for convicted Mafia felon Michael R. Paloma aka Saquella aka Blake, known as a Cash Cow for the late Mafia Kingpin Salvatore "Bill" Bonanno crime family has no standing in this court to file any action in the name of Big Screen Entertainment Group, Inc. or on behalf of the defunct Nevada corporation or individuals *"Ultra vires"* – An act performed without any authority to act on subject. Haslund v. City of Seattle, 86 Wash.2d 607, 547 P.2d 1221, 1230. Acts beyond the scope of the powers of a corporation, as defined by its charter o rlaws of state of incorporation. State ex rel. v. Holston Trust Co., 168 Tenn. 546, 79 S. W2d 1012, 1016.  All filings in this court must be vacated or the court to impose the violations and sanctions against the parties as prescribed herein at $1,000 dollars a day, per each multiple daily violations since 2006 and should the court continue its representations that Big Screen Entertainment in violation of California State law "ever had standing to file actions since July 6, 2006".

v) False statements abound made knowingly false, more than a mere untruth and includes perfidiously or treacherously or with intent to defraud. United States v. Achtner, C.C.A.N.Y., 144 F.2d 49, 52.  Gardiner and Browning and others are in violation of Title 42 U.S.C. §

1983 provides: <u>Every person</u> who, under color or any statute, ordinance, regulation, custom or usage, of any State of Territory, subjects ... any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Applies to <u>anyone</u> acting under color of state law who violates these rights, with no exception for judicial violations; the clear wording of the statute supersedes the self-serving judicial immunity in judge-made case law..]

vi) All filings made by Gardiner on behalf of BSEG since 2006 have been done while BSEG had no legal right to pursue any actions in California courts, since ***"[a] foreign corporation . . . which transacts intrastate business without complying with [s]ection 2105 <u>shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state</u>,*** *commenced prior to compliance with [s]ection 2105, until it has complied with the provisions thereof and has paid to the Secretary of State a penalty of two hundred fifty dollars ($ 250) in addition to the fees due for filing the statement and designation required <u>by [s]ection 2105</u> and has filed with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that should have been paid for the period during which it transacted intrastate business."* (§ 2203, subd. (c).)

vii) *"An attorney or unrepresented party who presents a pleading, motion or similar paper to the court **makes an implied 'certification' as to its legal and factual merit; and is subject to sanctions for violation of this certification**."* (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶ 9:1135, p. 9(111)-13 to 9(111)-14; Code Civ. Proc., §

128.7.) (***Emphasis added***)   Attorneys of record Michael
A. Gardiner, Nicholas Browning, Joseph Gabriel, Gary
Raskin, Scott Tepper, Nancy Orantuni, Jay Plotkin,
Thomas Hutchinson should be sanctioned and fined for
gross misconduct to occur in a United States courtroom
with the appearances of constitutional improprieties
(***Emphasis added***) . .

101. Attorney Michael A. Gardiner is prohibited by CA state and
federal law from bringing actions before the court in Big Screen
Entertainment Group, Inc. (a defunct and failed company) v. BJ Davis in CV-
06-3800 AHM (AJWx).

102. The author, "ghost writer" Stephen Montes of the untimely
declaration filed pre-disposed ordered without any points and authorities is
fraudulent and perjured under the color of law.  No federal judge would make
known material and false representations to give an adversary in litigation the
advantage under the color of law or would it be Judge Matz?

a) Matz orders clerks not to take filings and then rules against
Plaintiff in proceedings while defering and protecting mafia attorney
Michael A. Gardiner.

b) The court bases its finding that BJ Davis interfered with a
defunct company with no standing to litigate this matter based on an e-
mail from an "alleged investor in BSEG" (using that BSEG illegally
since it is no longer is BSEG but BSE) . The court cannot repeat the
body of evidence or case law as it would reveal the obstruction of
justice under the color of law.

i) The statutory or common law authority for the court to
hear the case, and

ii)  The appearance and testimony of a competent fact
witness - in other words, sufficiency of pleadings.

iii) When we examine a judgment, the following indices
tell us whether a court had subject matter jurisdiction.

Successful litigants will know each and every one of them by heart. Subject matter jurisdiction usually fails because of one of these reasons:  a) No petition in the record of the case, <u>Brown v. VanKeuren</u>, 340 Ill. 118,122 (1930),  b) Defective petition filed, Same case as above.

c) The author of the pre-disposition in denial and void of any constitutional rights asserts that the name change warrants BJ Davis being in contempt and Davis is "invited" to the hearing that will be held regardless of his attendance in the hearing calendared to he held and ruled against Davis in the proceedings as has been done historically by this shill of legal facade.

d) The pre-order does not address the perjury by Gardiner, status of the company, ID of Lebel aka Kates, as exposed in BJ Davis' response, all of which are audio taped, out of the courtroom, offered to the court and rejected by the court, who will not read BJ Davis' pleadings with or without legal representations as documented in court minutes.

ii) Mr. Montes or Judge Matz, whoever wrote the propose findings bases on the demonstrated prejudice is not aware there are dockets showing their material misrepresentations  - do not address the letter of the law or the constitution.

103.  In the proposed order of the draft to find BJ Davis in contempt of court, dated August 3, 2009, on **page five** (5) , **paragraph ten** (10)  based on the evidence and review by this court written by Clerk Montes or Judge Matz, both since they had to approve the edit,  – the parties and presiding authority under the penalty of perjury as a federal officer and/deponent  Ms. Kimberley Dawn Lebel aka Mappin, aka  Miller, aka Bandiera represented:

*Page 5, Paragraph 10 – Proposed order – under the penalty of perjury after thorough judicial review* <u>(EMPAHSIS ADDED)</u>

"On May 21, 2009, Davis formed a Nevada corporation called Beverly Hills Film Studios, Inc. listing himself as President,

Treasurer, Secretary and Director. Kates Decl. 18, Ex. G. Beverly Hills Film Studios, Inc. is Plaintiff's former corporate name. Plaintiff no longer uses it, although it still owns the {www.beverlyhillsfilmstudios.com} website address. Visitors to that website are automatically forwarded to Plaintiff's website. Kates believes Davis recently created a new website, {www.beverlyhillsfilmsstudios.biz}, because this website displays the logo of the old Beverly Hills Film Studios where Davis had worked.

**(This court has been provided with evidence that has been concealed to facilitate the criminal takeover by this court in association with the Salvaotre Bill Bonanno crime family of my company. The name change occurred on October 17, 2004 with forged documents by**
**Melissa Welch to the Nevada Secretary of State ( Exhibit "F" – BJ Davis Sole Creator and owner of BHFS per the Nevada Secretary of State and website since October 2003 , EXHIBIT "G" – Welch forged documents to change name with NV SOS and Kates was and is nothing more than a porno actress and Mafia mistress who performed sex acts for camera Exhibit "" – Kates nude pictures).**

Page 5, paragraph ten continues under the penalty of perjury:

Michael_____, a shareholder of BSEG who visited the website {www.beverlyhillsfilmstudios.biz}, was confused about whether BSEG had decided to use that name again. Kates Decl. 2, Ex. I.

49) The name is Michael D. Murphy, as left out by the author of this alleged pre-hearing order, whether Matz or Montes, with the declaration by Kates under the penalty of perjury in support of this tentative legal ruling to further deny due process, obstruction of justice, RICO violations, fair and equal treatment under the law, denial and interference of economic advantage,